UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

April 15, 2021

MEMORANDUM TO PARTIES RE:   John Doe v. Community College of Baltimore County, et al.
Civil Action No. GLR-19-2575

Dear Parties:

Pending before the Court is Plaintiff John Doe's Motion to Alter or Amend Judgment (ECF No. 28). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

On August 25, 2020, this Court issued an Order granting the Motion to Dismiss filed by Defendants Community College of Baltimore County ("CCBC"), Richard Lilley, Scott Eckhardt, Eric Washington, Sarah Morales, and Public Safety Office (collectively, "Defendants"). (ECF No. 27). On September 4, 2020, Doe filed a Motion to Alter or Amend Judgment. (ECF No. 28). Defendants filed a Response in Opposition to the Motion on September 22, 2020. (ECF No. 29). To date, the Court has no record that Doe filed a Reply.

Broadly speaking, Doe's Complaint alleged: (1) that CCBC's decision to temporarily remove Doe from campus amid allegations that he was harassing a professor constituted unlawful discrimination in violation the Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. (the "Act"); and (2) that Defendants' decision to cite certain examples of Doe's conduct in CCBC's response to Doe's Department of Education's Office of Civil Rights ("OCR") complaint constituted unlawful retaliation in violation of the Act. As to Doe's allegations of discrimination, the Court granted Defendants' Motion on the grounds that:

> [F]irst . . . Plaintiff was not otherwise qualified to participate in CCBC's program because his behavior failed to meet standards of participation; second . . . Plaintiff was not excluded from a college program but was only temporarily restricted from campus because of reasons unrelated to his disability; and third, the individually named Defendants are not federally-funded programs or activities within the meaning of the Act.

(Aug. 25, 2020 Mem. Op. ["Mem. Op."] at 9, ECF No. 26). As to Doe's claims of retaliation, the Court granted Defendants' Motion on the grounds that Doe: (1) failed to allege that he suffered an adverse action; and (2) failed to allege sufficient facts establishing a causal connection between

the filing of his OCR complaint and Defendants' purportedly defamatory statements. (Id. at 14–15).

The Federal Rules of Civil Procedure include three rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders. See Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469–70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. Id. at 1469. Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. Id. This Court granted Defendants' Motion on August 25, 2020. Doe filed his Motion to Alter or Amend Judgment on September 4, 2020. Accordingly, the Court will review Doe's Motion under Rule 59(e).

Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A district court may alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)).

A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Among other reasons, a court may alter or amend a final judgment "to correct a clear error of law or prevent manifest injustice." Carter, 866 F.3d at 210 (quoting Zinkand, 478 F.3d at 637). Support for a Rule 59(e) motion requires more than simply "mere disagreement" with a decision. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). A "factually supported and legally justified" decision does not constitute clear error. Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts evaluate whether there was fairness in the administrative process and whether a denial of due process occurred. See id. (citing Kasey v. Sullivan, 3 F.3d 74, 79 (4th Cir. 1993)).

Doe's Motion does not confront or identify clear errors in the Court's analysis, nor does it advance any coherent legal arguments. Instead, the Motion simply reiterates the arguments set forth in Doe's Opposition to Defendants' Motion to Dismiss. "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." Medlock v. Rumsfeld, 336 F.Supp.2d 452, 470 (D.Md.) (quoting United States v. Williams, 674 F.2d 310, 312


(4th Cir. 1982)), aff'd, 86 F.App'x 665 (4th Cir. 2003), cert. denied, 543 U.S. 874 (2004). To the extent that Doe's Motion does set forth novel facts—e.g., that the OCR found he had established a prima facie case of discrimination—these facts were all available to him at the time he filed his Complaint and Opposition to Defendants' Motion. Accordingly, they are not appropriate support for a Rule 59(e) Motion. In the absence of any cognizable basis on which to grant Doe's Motion under Rule 59(e), the Court will not reconsider its decision to grant Defendants' Motion to Dismiss.[1]

For the foregoing reasons, Doe's Motion to Alter or Amend Judgment (ECF No. 28) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and mail a copy of the Order to Doe at his address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge

---

[1] Doe also requests that the Court reconsider its decision to deny as moot his Motion to File Under Pseudonym (ECF No. 6). Doe argues that the issue "impacts the decision of other mentally disabled students for pursuing a lawsuit." Doe's argument does not meet the standards set forth in Rule 59(e) and the Court will not revisit its decision to deny his Motion as moot.